UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TAURUS CLYD HILL, II,

    Plaintiff,

v.                                      Case No. 24-cv-848-bhl

SGT. CROUTHER-TOLE, et al.,

    Defendants.

---

## SCREENING ORDER

---

Plaintiff Taurus Clyd Hill, II, who is currently serving a state prison sentence at the Milwaukee Secure Detention Facility and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Hill's motion for leave to proceed without prepayment of the filing fee, motion for injunctive relief and motion for temporary restraining order, and to screen the complaint. Dkt. Nos. 1-2, & 10.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Hill has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Hill has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $3.03. The Court will grant Hill's motion for leave to proceed without prepaying the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Hill is an inmate at the Milwaukee Secure Detention Facility. Defendants are Sergeant Crouther-Tole, Ms. Pawlak, Warden Steven Johnson, and Deputy Warden Julie Ustruck-Wetzel. Dkt. No. 1.

On March 27, 2024, Sgt. Crouther-Tole intentionally slammed Hill's right hand, multiple times, in the trap door at the bubble on the ninth floor. *Id*. at 2-3. It's unclear what caused or prompted the incident, but Hill explains, "it was unusual for Sgt. Crouther-Tole to slam my hand…she wanted to make me suffer." *Id*. at 3. Sgt. Crouther-Tole wrote Hill a conduct report afterwards. *Id*. at 2. Correctional Officer Edwards (not a defendant) later saw Hill's hand and directed Sgt. Crouther-Tole to call the nurse. *Id*. at 2-3. Sgt. Crouther-Tole complied with the order, but it took "over a hour" to actually see the nurse. *Id*. at 3. The nurse ordered pain medication, and x-ray, and a splint. *Id*. A few days later, Hill informed Ms. Pawlak about the incident. *Id*. However, Ms. Pawlak did nothing to ensure Hill was safe, and Sgt. Crouther-Tole continued working on the unit. *Id*. Hill believes that Ms. Pawlak took her employee's side rather than believing him. *Id*. For relief, Hill seeks monetary damages. *Id*. at 4.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

To state an Eighth Amendment for excessive force, Hill must allege that a defendant applied force maliciously and sadistically to cause harm rather than in a good faith attempt to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 668 (7th Cir. 2012). Factors relevant to a defendant's mental state include the need for force, the amount of force used, the threat reasonably perceived by officers, efforts made to temper the severity of the force, and the extent of injuries caused by the force. *Whitley v. Albers*, 475 U.S. 312, 321 (1986); *Rice*, 675 F.3d at 668. A "prisoner need not show a 'significant injury' in order to have a good claim under the [E]ighth [A]mendment, if a guard inflicted pain maliciously or sadistically." *Guitron v. Paul*, 675 F.3d 1044, 1046 (7th Cir. 2012) (citing *Hudson*, 503 U.S. at 7).

Hill alleges that Sgt. Crouther-Tole intentionally slammed his hand in the trap door on March 27, 2024 to maliciously and sadistically cause him pain and suffering. Hill's injuries from the incident were significant enough to warrant x-rays and a splint. Based on these allegations, Hill may proceed on an Eighth Amendment excessive force claim against Sgt. Crouther-Tole in connection with the March 27, 2024 incident.

Hill additionally alleges that Sgt. Crouther-Tole "refused" to provide medical care after the incident, but he concedes that a nurse saw him after about an hour. Dkt. No. 1 at 2-3. One hour is a reasonable amount of time to wait for medical care, and ordinary citizens (who are not incarcerated and reliant on the State for medical care) often have to wait longer than that to receive medical attention at urgent care or in the emergency room. *See Langston v. Peters*, 100 F.3d 1235, 1240-41 (7th Cir. 1996) (concluding that a one-to-two-hour delay in medical care for a possible fracture was reasonable because "the public often waits longer at hospital emergency rooms."). Hill is not constitutionally entitled to timelier medical care than the general public. *Id.* Therefore,

4

he has no Eighth Amendment denial of medical care claim based on the amount of time he had to wait before he saw the nurse.

The Court will also dismiss the remainder of the defendants from the case. Hill makes no specific factual allegations against Warden Johnson and Deputy Warden Ustruck-Wetzel. *See* Dkt. No. 1 at 2-3. The fact that they are supervisors at the institution does not make them liable for the actions of others. *See Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). With respect to Ms. Pawlak, Hill alleges that she "failed to protect him" from Sgt. Crouther-Tole by doing "nothing" after the incident. Dkt. No. 1 at 3. Ms. Pawlak allegedly believed Sgt. Crouther-Tole's version of events and didn't care about Hill's safety. *Id*. However, there is no Section 1983 liability based on officials' failure to act *after* a completed act of harm. *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Moreover, given Hill's allegation that, "it was unusual for Sgt. Crouther-Tole to slam my hand," *id*., Ms. Pawlak would not have known that Sgt. Crouther-Tole posed a risk of harm to him *before* the incident occurred. Hill therefore has no failure to protect claim against Ms. Pawlak. Hill also states, "they did this to me in retaliation for Lauoursha Weston, similar case, but more worse." *Id*. It's unclear who "they" are, who Ms. Weston is, how Ms. Weston is involved in this case, when happened in that case, when that case happened, and what the retaliatory act was. Conclusory allegations of retaliation are not enough to state a claim. *See Hanks v. Hubbard*, No. 21-2504, 2022 WL 356732, at *3 (7th Cir. Feb. 7, 2022) ("speculative and conclusory allegations" of retaliation do not state a claim.); *see Sims v. Marnocha*, 159 F. Supp. 2d 1133, 1140 (N.D. Ind. 2001) (noting that "merely alleging the ultimate fact of retaliation is insufficient to state a claim upon which relief can be granted."). The Court will dismiss Ms. Pawlak, Warden Johnson, Deputy Warden Ustruck-Wetzel from the case.

On September 16, 2024, Hill filed a motion for injunctive relief and motion for temporary restraining order. Dkt. No. 10. He states that his classification status recently changed to "medium custody," and he would like to implement that transfer immediately in light of the March 27, 2024 excessive force incident. *Id*. The Court will deny the motion because it is not this Court's job to manage prisoner transfers. Indeed, prison officials are entrusted with broad authority to manage their institutions, including deciding where inmates are housed. *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) ("[P]rison officials have broad administrative and discretionary authority over the institutions they manage."). Prison officials must make decisions on transfer requests, the priority level of those requests, and/or when and how transfers should be conducted. The Court lacks the detailed knowledge and expertise to make such decisions and nearly always, except in the most extreme situations, must defer to prison officials' judgment. Hill's complaint does not describe the rare scenario where Court intervention is necessary or appropriate. The Court will deny the motion for injunctive relief and motion for temporary restraining order.

## CONCLUSION

The Court finds that Hill may proceed on an Eighth Amendment excessive force claim against Sgt. Crouther-Tole in connection with the March 27, 2024 incident.

**IT IS THEREFORE ORDERED** that Hill's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Hill's motion for injunctive relief and motion for temporary restraining order (Dkt. No. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that Ms. Pawlak, Warden Johnson, Deputy Warden Ustruck-Wetzel are **DISMISSED** from this case.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Hill's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Sgt. Crouther-Tole.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Sgt. Crouther-Tole shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Hill shall collect from his institution trust account the **$346.97** balance of the filing fee by collecting monthly payments from Hill's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Hill is transferred to another institution, the transferring institution shall forward a copy of this Order along with Hill's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Hill is located.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge

7

Case 2:24-cv-00848-BHL    Filed 09/25/24    Page 7 of 8    Document 11

Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Hill is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Hill may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on September 25, 2024.

>s/ *Brett H. Ludwig*
>BRETT H. LUDWIG
>United States District Judge

8

Case 2:24-cv-00848-BHL   Filed 09/25/24   Page 8 of 8   Document 11