UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

TAURUS CLYDE HILL, II,

        Plaintiff,

      v.                                              Case No. 24-cv-848-bhl

TAMARA CROUTHER-TOLE,

        Defendant.

─────────────────────────────────────────────

## ORDER

─────────────────────────────────────────────

      Plaintiff Taurus Clyde Hill, II is representing himself in this lawsuit in which he is proceeding on an Eighth Amendment claim based on allegations that Defendant Tamara Crouther-Tole used excessive force against him at the Milwaukee Secure Detention Facility on March 27, 2024. Dkt. Nos. 1 & 11. Discovery closes May 5, 2025. Dkt. No. 18. Dispositive motions are due by June 5, 2025. *Id*.

      On March 12, 2025, Hill filed a motion for injunction, temporary restraining order. Dkt. No. 32. Hill states that the Prison Classification Committee recently determined that he can be moved to "any medium prison," so he would like for this Court to order his immediate transfer to another institution due to "retaliation" by CO Jones (not a defendant). *Id*. Hill states that CO Jones once told him that he reminds her of her ex-boyfriend. *Id*. Hill believes that this is causing CO Jones to target him and give him false conduct reports. *Id*.

      A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). A preliminary injunction is only appropriate if it seeks relief of the same character sought in the

underlying complaint and deals with a matter presented in that underlying complaint. *See Peace v. Pollard*, Case No. 15-cv-481, 2017 WL 564016 at *1 (E.D. Wis. Feb. 10, 2017) (citations omitted). In the context of prisoner litigation, the scope of the Court's authority to issue an injunction is circumscribed by the Prison Litigation Reform Act (PLRA). *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer*, 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage.").

The Court will deny Hill's motion. As an initial matter, the allegations in the complaint and the relief requested in this motion are unrelated. Whatever issues Hill is having with CO Jones does not involve the excessive force claim against Defendant Crouther-Tole. Moreover, as the Court has already explained to Hill in a different order, *see* Dkt. No. 31, prison officials are entrusted with broad authority to manage their institutions, including determining where an inmate is housed. *See Westefer*, 682 F.3d at 683. It is not this Court's job to manage prisoner transfers because the Court lacks the detailed knowledge and expertise to make decisions on the priority level of a transfer request and when/how transfers should occur after the Prison Classification Committee's decision. When there is availability to move Hill to a medium prison, the Department of Corrections will take appropriate action. But Hill cannot go around the normal process by filing a motion with this Court in a totally unrelated case.

On March 20, 2025, Defendant filed a motion to compel, motion to stay discovery and the dispositive motions deadlines. Dkt. No. 34. Defendant explains that Hill has been given at least three different opportunities (January 16, 2025, February 11, 2025, and March 14, 2025) to sign a medical authorization needed to review his medical records. *Id*. at 2-3. On March 14, 2025,

defense counsel even asked the institution's litigation coordinator (Ashley Schmidt) to hand-deliver the medical authorization to Hill and explain why it was needed to litigate this case. *Id*. at 3. Hill still refused to sign, falsely claiming he had "sent it already." *Id*.

In this lawsuit, Hill seeks monetary damages for physical injuries he allegedly suffered during an excessive force incident. More specifically, he claims that his right hand was slammed multiple times in a food trap, causing significant injuries that required an x-ray and a splint. Defendant has a right to test the veracity of Hill's allegations by looking at his medical records to see the extent of the physical injuries documented and to confirm if the injuries were in fact serious enough to require an x-ray and splint. Because Defendant cannot properly defend herself without looking at Hill's medical records, the Court will grant her motion. If Hill wishes to proceed with this case, he must submit to Defendant a signed medical authorization within 14 days of the date of this order. Failure to submit a signed medical authorization will result in dismissal of this case based on Hill's failure to prosecute it. The Court will also stay all pending deadlines until the medical authorization is signed.

**IT IS THEREFORE ORDERED** that Hill's motion for injunction, temporary restraining order (Dkt. No. 32) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's motion to compel, motion to stay discovery and dispositive motions deadlines (Dkt. No. 34) is **GRANTED**. If Hill wishes to proceed with this case, he must submit to Defendant a signed medical authorization **within 14 days of the date of this order**. Failure to submit a signed medical authorization will result in dismissal of this case based on failure to prosecute.

Dated at Milwaukee, Wisconsin on March 31, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge